**Dorothy J. TURNER, Executrix of the Estate of Roberta Wismer, Appellant**

v.

**VALLEY HOUSING DEVELOPMENT CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 19, 2008.

Filed April 16, 2009.

Reargument Denied June 23, 2009.

---

Michael A. Snover, Bethlehem, for appellant.

Jody A. Mooney and James J. Dodd–o, Bethlehem, for appellee.

BEFORE: STEVENS, MUSMANNO and BENDER, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Dorothy J. Turner ("Turner") appeals from the Order that denied Turner's Motion in *limine*, granted the Motion of Valley Housing Development Corporation ("Valley") to strike third party statements in medical records, and granted Valley's Motion for summary judgment. For the reasons stated herein, we affirm in part and reverse in part.

¶ 2 The pertinent facts of this case are as follows. Turner is the executrix of the Estate of her mother, Roberta Wismer ("Decedent"). Prior to Decedent's death, Turner and Decedent lived together in an apartment owned by Valley. On December 11, 2002, at about 6:00 p.m., Decedent, age 88, slipped and fell outside of her apartment building while walking her dog, resulting in a broken hip and shoulder. In a video deposition taken prior to her death, Decedent stated that she fell on the grass on·the property, which was snow-covered. Decedent also indicated that the paved area did not have snow on it. During Decedent's deposition, taken on October 31, 2003, counsel for Valley objected to leading questions asked by Decedent's counsel. Decedent's counsel responded that "you can see that she is having difficulty expressing what she is thinking in her mind." Deposition, Roberta A. Wismer, 10/31/03, at 10.

¶ 3 Turner testified at a deposition that on December 11, 2002, she heard her mother screaming outside of the apartment building. From inside of the building, Turner saw her mother with her back against the curb in the parking lot, not on the grass. Deposition, Dorothy J. Turner, 5/8/06, at 20. One of Decedent's neighbors, William Lorenz, testified that when he came to help, Decedent was lying on the lawn with her feet out by the curb. Deposition, William R. Lorenz, 3/29/04, at 33–34. Medical personnel who attended to Decedent on the same day made various notations regarding Decedent's fall, including "patient stated that she fell on icy sidewalk," "fell on ice in driveway," "slipped on ice and fell," and "let her pet dog out on slippery lawn and curb slipped and fell [sic]." Plaintiff's Answer to Motion for Summary Judgment, 10/10/06, Ex. N, P, Q.

¶ 4 Turner stated in her deposition that there had been two snow storms, about a week apart, and that Valley did not plow the area until after Decedent's fall. Deposition, Turner, at 43. Turner indicated that, at the time Decedent fell, the parking lot was full of ruts. *Id.* at 27, 43. Another tenant, Lois Lorenz, testified to the existence of the ice and ruts. Deposition, Lois Lorenz, at 13–18. William Lorenz testified that there was no safe place to walk on the night Decedent fell. Deposition, William Lorenz, at 78.

¶ 5 In September 2003, Decedent filed an action against Valley alleging negligence and breach of contract/breach of implied warranty. Decedent died on January 30, 2004. An Amended Complaint was filed substituting Turner as plaintiff, and asserting survival and wrongful death causes of action.

¶ 6 In September 2006, Valley filed a Motion for summary judgment, asserting that since Decedent fell on grass, the doctrine of hills and ridges [1] did not apply, and contending that Turner had failed to prove causation. Turner filed an Answer to Valley's Motion for summary judgment, asserting that Decedent was incompetent at the time of her deposition, and that the medical records established that Decedent fell in the parking lot. Turner then filed a Motion in *limine* to strike Decedent's deposition testimony. Valley filed a Motion to strike the medical records attached to Turner's Answer to Valley's Motion for summary judgment, arguing that the statements in the records were hearsay. Turner argued that the medical records were admissible because Valley had stipulated to their authenticity and because hearsay exceptions applied.

¶ 7 The trial court denied Turner's Motion in *limine*, granted Valley's Motion to strike the third party statements in the medical records, and granted Valley's Motion for summary judgment. Turner then filed this timely appeal.

¶ 8 Turner raises the following issues on appeal:

1. Did the trial court commit an error of law and/or abuse of discretion in denying Turner's Motion in *limine* to preclude consideration of the deposition of Decedent and (a) in finding that Turner waived the objection to incompetency to testify by not raising the objection at the time of her deposition; (b) in finding that an expert report was necessary to determine competency to testify; (c) in

1. The doctrine of hills and ridges "protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.,* 828 A.2d 1114, 1116 (Pa.Super.2003).

finding that Turner did not proffer any expert support for the finding that Turner's Decedent was incompetent to testify at the time of her deposition; and (d) in failing to otherwise evaluate the witness for competency to testify?

2. Did the trial court commit an error of law and/or abuse of discretion in granting Valley's Motion to strike medical records, and in failing to find that Turner's proffered statements in the medical records concerning the location and cause of the fall were admissible under the medical treatment, excited utterance and/or present sense exceptions to the hearsay rule, and/or in finding that the medical record statements were unreliable as a matter of law?

3. Did the trial court commit an error of law and/or abuse of discretion in granting summary judgment in light of the existence of genuine issues of material fact relating to the cause and location of the fall, the credibility of Decedent even if competent to testify, the credibility of Turner and William Lorenz on the issue of cause and location of the fall, the application of the hills and ridges doctrine to the facts of this case, the adequacy of the lighting in the area of the accident, and whether or not Valley breached its duty under the lease to provide a safe path for dog walking?

Brief of Appellant at 3.

¶ 9 Turner first contends that the trial court erred and/or abused its discretion in denying her Motion in *limine* to preclude use of Decedent's deposition testimony. Turner, in her Motion in *limine*, alleged that Decedent was incompetent at the time of her October 31, 2003 deposition. Turner further alleged that, prior to the deposition, Decedent had been diagnosed with "dementia/psychosis." Plaintiff's Motion in *Limine* to Preclude Use of Videotape Deposition, filed 11/16/06. The trial court denied Turner's Motion on the basis that she had waived her right to preclude the deposition testimony by failing to raise the issue of Decedent's incompetence at the time of the deposition. The trial court also held that Turner had failed to provide an expert report establishing the Decedent's alleged incompetence.

■■■ ¶ 10 When ruling on motions in *limine*, the appellate court applies the standard of review applicable to the particular evidentiary matter. *Meridian Oil & Gas Enterprises, Inc. v. Penn Central Corp.*, 418 Pa.Super. 231, 614 A.2d 246, 250 (1992). When reviewing a trial court's ruling on a motion *in limine*, we use an abuse of discretion standard. *Estate of Ghaner v. Bindi*, 779 A.2d 585, 588 (Pa.Super.2001). Questions concerning the admissibility of evidence are within the sound discretion of the trial court, whose rulings will not be disturbed on appeal absent an abuse of discretion. *Yankowsky v. Katz, Inc.*, 443 Pa.Super. 494, 662 A.2d 665, 667 n. 5 (1995).

■■ ¶ 11 "[A]n objection as to the competency of a witness to testify should be made before testimony is given if the incompetency is known, and if not, should be made as soon as it becomes apparent." *Commonwealth v. Stoner*, 284 Pa.Super. 364, 425 A.2d 1145, 1149 (1981).

■■ ¶ 12 Turner claims that, at the time the deposition was taken, it was not known by counsel that Decedent's doctor had determined that Decedent was suffering from "dementia/psychosis." She contends that she did challenge competency prior to presenting evidence to the jury, and that this was sufficient.

[O]bjections to the competency of a witness or to the competency, relevancy, or materiality of the testimony are not waived by failure to make them before or during the taking of the deposition,

unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time.

Pa.R.C.P. No. 4016(b).

¶ 13 Turner argues that she was not aware of Decedent's incompetency at the time of the deposition, and that the reason for the incompetency could not have been removed or obviated. We conclude, based on Rule 4016(b) of the Rules of Civil Procedure, Turner did not waive her objection to use of Decedent's deposition because the ground of her objection, *i.e.*, Decedent's alleged incompetency, was not known to Turner at the time of the deposition and also could not have been obviated or removed at that time.

 ¶ 14 We thus now address Turner's claim that the trial court erred in concluding that an expert was required to establish Decedent's incompetency.

It is for the trial judge to determine whether a witness is competent to testify. Such decision will not be overturned absent a clear abuse of the court's discretion. Moreover, the trial court need not order an investigation of a witnesses' competency unless he or she has some doubt of such after having observed the witness. As to witnesses who are suspected of suffering with mental illness, his or her testimony is still competent unless he or she is unable to give a correct account of the matters at issue.

*Commonwealth v. Fulton*, 318 Pa.Super. 470, 465 A.2d 650, 657 (1983) (citation omitted).

¶ 15 The Pennsylvania Rules of Evidence provide as follows with regard to competency to testify:

**(b) Disqualification for Specific Defects.** A person is incompetent to testify if the Court finds that because of a mental condition or immaturity the person:

(1) is, or was, at any relevant time, incapable of perceiving accurately;

(2) is unable to express himself or herself so as to be understood either directly or through an interpreter;

(3) has an impaired memory; or

(4) does not sufficiently understand the duty to tell the truth.

Pa.R.E. 601. The Comment to Rule 601 states as follows:

The application of the standards in Pa. R.E. 601(b) is a factual question to be resolved by the Court as a preliminary question under Rule 104. The party challenging competency bears the burden of proving grounds of incompetency by clear and convincing evidence. *Commonwealth v. Delbridge*, 578 Pa. at 664, 855 A.2d at 40. In *Commonwealth v. Washington*, 554 Pa. 559, 722 A.2d 643 (1998), a case involving child witnesses, the Supreme Court announced a *per se* rule requiring trial courts to conduct competency hearings outside the presence of the jury. Expert testimony has been used when competency under these standards has been an issue. *E.g., Commonwealth v. Baker*, 466 Pa. 479, 353 A.2d 454 (1976); *Commonwealth v. Gaerttner*, 335 Pa.Super. 203, 484 A.2d 92 (1984).

Pa.R.E., Rule 601, cmt.

¶ 16 Based on the above authority, Turner bore the burden of proving the grounds of Decedent's alleged incompetency by clear and convincing evidence. We cannot conclude that Turner's proffered evidence of Decedent's alleged incompetency, which consisted of notations in medical records, was clear and convincing. Accordingly, we conclude that the trial court did not err or abuse its discretion in denying Turner's Motion *in limine* to exclude Decedent's deposition.

¶ 17 Next, Turner contends that the trial court erred and/or abused its discretion in granting Valley's Motion to strike the medical records. The medical records in question were attached as exhibits to Plaintiff's Answer to Motion for Summary Judgment of Defendant.

¶ 18 Under the medical treatment exception to the hearsay rule, "[a] statement made for purposes of medical treatment, or medical diagnosis in contemplation of treatment, and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment" is not excluded from evidence by the hearsay rule. Pa.R.E. 803(4). "Medical records are admissible under the hearsay rules as evidence of facts contained therein but not as evidence of medical opinion or diagnosis." *Folger v. Dugan*, 876 A.2d 1049, 1055 (Pa.Super.2005). "[A] party may introduce medical records as evidence of facts contained therein without producing the person who made the notation in the record or the records custodian." *Id.* at 1056. "[A] motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." *Botkin v. Metropolitan Life Ins. Co.*, 907 A.2d 641, 649 (Pa.Super.2006).

¶ 19 The trial court, in ruling on Valley's Motion to strike the medical records, first determined that the medical records could be admitted into evidence under the business records exception to the hearsay rule. *See* Trial Court Opinion, 2/14/07, at 14; Pa.R.E. 803(6) (exception for records of regularly conducted activity). The trial court then addressed whether the statements contained within the medical records were admissible pursuant to the medical treatment exception to the hearsay rule. Trial Court Opinion, 2/14/07, at 15; *see* Pa.R.E. 803(4). The trial court indicated that "out-of-court statements which were made for purposes of receiving medical treatment are admissible as substantive evidence." Trial Court Opinion, 2/14/07, at 15 (citations omitted). The trial court noted that the exception "only permits admission of those portions of the [out-of-court] statement[s] which are relevant to diagnosis and treatment." *Id.* (citing *Commonwealth v. Smith*, 545 Pa. 487, 681 A.2d 1288, 1292 (1996)).

¶ 20 The trial court then determined that "most of the information" provided to the medical staff in the pertinent records "came from [Turner]." Trial Court Opinion, 2/14/07, at 16. For this conclusion, the trial court cited one page from Turner's deposition. Deposition, Turner, at 78. The trial court then opined that "based on [Turner's] representations, we cannot be confident as to the source of the third party hearsay statements contained in the medical records." Trial Court Opinion, 2/14/07, at 16.

¶ 21 In reviewing the relevant portion of Turner's deposition cited by the trial court, we discern that the questioner asked Turner about an alleged incident that occurred in March of 2000. Deposition, Turner, at 77–78. The questioner then asked Turner the following:

Q. After the incident of ... December 11, 2002, who would provide the medical providers with information about your mother and her condition, would it come from her or would it come from you?

A. Me and her. But mostly me, because she ... was different. It affected her.

Q. Would you go to all of her appointments with her?

A. Oh, yes.

*Id.* at 78.

¶22 Contrary to the trial court's conclusion, we do not read this excerpt as demonstrating that Turner provided most of the information to the medical providers who attended to Decedent on December 11, 2002. Our reading of this excerpt is that Turner provided information to the medical providers that Decedent saw *after* the December 11, 2002 incident. Based on our review of the pertinent medical records, we discern that those medical records were made on the date of the accident, December 11, 2002. Ex. N, P, and Q, Plaintiff's Answer to Motion for Summary Judgment. We conclude that the trial court abused its discretion in concluding that the third party statements contained in the medical records were inadmissible based on the testimony given on page 78 of Turner's deposition.

¶23 Further, the trial court found that the references in the medical records to Decedent's fall were "not reliable or consistent when compared to each other or the Plaintiff's theory of causation." Trial Court Opinion, 2/14/07, at 17. The trial court stated that the records set forth different places where the fall took place: sidewalk, driveway, lawn, and curb. *Id.* We conclude that the trial court erred in making this determination. All of the records establish that Decedent fell on ice or a slippery surface. At least two of the medical records indicate that Decedent fell on areas for which Valley was responsible, *i.e.*, the sidewalk and the driveway. The remaining two records indicate only that Decedent fell on "ice." The precise location of plaintiff's fall presented a genuine issue of material fact.

¶24 The trial court also "refused to accept ... that the location of the Decedent's fall was relevant to her diagnosis and treatment...." Trial Court Opinion,

2/14/07, at 18. We find instructive on this issue the Pennsylvania Supreme Court's statement in *Smith,* 681 A.2d at 1288:

The second requirement for a statement to come within the medical treatment exception is that the statement be pertinent to medical treatment. Joseph, *Evidence in America,* Rule 803 at p. 58; see *Cody* 447 Pa. at 566, 291 A.2d at 776. By way of example, a person's statement, "I was hit by a car," made for the purpose of receiving medical treatment would come within the exception. It is important for doctors to know how the person sustained the injuries. However, a person's statement, "I was hit by the car which went through the red light," would not come within the exception, or at least that part of the statement which indicated that the car "went through the red light" would not. It is inconsequential and irrelevant to medical treatment to know that the car went through the red light. *See* Federal Advisory Committee Note to F.R.E. 803(4).

*Id.* at 1292 (footnote omitted).

¶25 In the instant case, the statements included in the pertinent medical records are similar to the statement "I was hit by a car," referred to in the *Smith* case. Those statements were relevant to determine the nature and type of injury that Decedent had suffered. Thus, we conclude that the trial court erred and abused its discretion in granting Valley's Motion to strike the above-discussed statements contained in Decedent's medical records.

¶26 Turner's last contention is that the trial court erred and/or abused its discretion in granting Valley's Motion for summary judgment. Based on our standard of review, as set forth above, we agree. As we have previously held, the trial court erred in granting Valley's Motion to strike medical records. Based on

those records, as well as other evidence, *i.e.*, the deposition testimony of the various witnesses, a genuine issue of fact exists as to the location of Decedent's fall on December 11, 2002. Accordingly, we must reverse the trial court's grant of summary judgment.

¶ 27 Order denying Motion in *limine* affirmed; Order granting Motion to strike medical records reversed; Order granting summary judgment reversed; case remanded to trial court for further proceedings; jurisdiction relinquished.