## Podolak v. Tobyhanna Township Board of Supervisors

C.P. of Monroe County, No. 7730 CIVIL 2010

*Wieslaw T. Niemoczynski*, for plaintiffs.
*Patrick M. Armstrong*, for defendants.

WILLIAMSON, *J.*, Nov. 7, 2014—Defendants filed

a motion for summary judgment on September 4, 2014, plaintiffs filed a timely response thereto, together with a cross-motion for summary judgment. Briefs were submitted and argued by the parties on defendants' motion for summary judgment. Plaintiffs' motion for summary judgment is scheduled for argument at a later date.

## FACTUAL BACKGROUND

Plaintiffs' amended complaint alleges that a 293 foot long access way running to their property is a public road, and should be maintained by the defendant Township. The individual defendants were the elected supervisors of the Township at filing of the amended complaint.

Plaintiff alleges that the access way is a public road referred to as "Park Road." It runs from Norton Pryor Road, a public road, to their property. There is no record of the access way being established or dedicated as a Township or other public road. (*See* plaintiffs' amended complaint). The Township maintains the access way is a private way utilized only for the benefit of the plaintiffs. It ends in a dead end at the plaintiffs' property.

Following discovery, the following facts were set forth: plaintiffs have owned the property since 1994. Prior thereto, plaintiff George Podolak's father owned the property. The property is known as 4121 Norton Pryor Road following a county-wide re-addressing for purposes of emergency management services.

George Podolak's father owned the property from

1963 to 1994. Prior to that, the property was owned by people other than the Podolak family. The access way has consisted of a dirt road with some stone on it since at least the time it was first owned by George Podolak's father in 1963. Pictures introduced at time of deposition also show the access way is wooded on either side for a portion of it. There are no street signs, stop signs or speed limit signs. The road has never been paved. No one other than the Podolak's or their invitees have used the access way since at least 1966. All of this information was provided by the plaintiff, George Podolak, at his deposition.

George Podolak believes that others used the access way in concert with his father, between 1963 and 1966. This included others who used it for access to other properties and roads, including delivery people, such as coal, oil and mail. Mr. Podolak believes others also used it for similar purposes prior to 1963, based upon letters from local residents.

George Podolak testified he knew that a township employee would plow the access way from Norton Pryor Road to his residence between 1963 to 1966. If it was not promptly plowed, the Podolaks would call the employee to come plow. George Podolak stated the plowing ended in 1966. He provided no direct testimony or evidence the Township performed repairs, maintenance, or upkeep of the road other than plowing between 1963 and 1966. Plaintiff Jacqueline Podolak provided much of the same testimony in her deposition. Both deposition transcripts

were attached to the defendants' motion for summary judgment.

Plaintiff George Podolak believes the Township received Pennsylvania Liquid Fuel monies for the access way. Plaintiff was previously advised in 1987 that the Township considered the access way to be a private right-of-way in favor of the Podolaks, with ownership of the underlying land being with a neighboring property owner. (Weldon Cramer Company). The plaintiff also referred to the access way as his right-of-way to his property at a Township Planning Commission meeting on August 28, 1985. At that time, the plaintiff was requesting the Township to maintain the access way.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where

the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469. In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

The plaintiffs have not alleged that the access way was laid out and established in an approved plan as a Township road, or that it was ever dedicated as a public road. The only allegation to support the plaintiffs' claim, is that 53 Pa. C.S.A. §67307 of the Second Class Township Code regarding public use and Township maintenance for 21

years applies to this case.

Under 53 Pa. C.S.A. §67307, a road is a public road if it has been used for public travel and maintained and kept in repair by the Township for at least 21 years. *See* 53 Pa. C.S.A. 67307. This was further confirmed by the Commonwealth Court in *Warner-Vaught v. Fawn Township*, 958 A.2d 1104) (Pa. Cmwlth. 2008) which stated in part:

> "... The existence of a public road can also be established under Section 2307 of the Township Code ... which provides:
>
> Every road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road ..."

Therefore, the plaintiffs need to establish the access way was used by the public for travel and maintained and kept in repair by the Township for at least 21 years. There was no evidence of any other way the access way could be considered a public road. The plaintiffs maintain there is a factual dispute with regard to the prior public use and maintenance by the Township. The defendants contend there is no factual dispute.

Plaintiffs have testified that to their knowledge, some employee of the Township plowed the access way

between 1963 and 1966. Their testimony also showed there may have been some limited use of the access way by other members of the public between 1963 and 1966. However, the plaintiffs stated there was no maintenance, repair or upkeep by the Township at any time after 1966. There also was no use by the public after 1966 according to the plaintiffs. (This coincided with the completion of the State Route 940 improvements). Any delivery person using it after 1966 was for the sole benefit of the Plaintiffs per their own testimony. Invitees to the property is not public use. Therefore, the 21 year period of public use and maintenance/repairs by the Township had to have occurred prior to 1966.

The plaintiffs' evidence of the use was limited to the snow plowing of the Township employee, between 1963 and 1966, correspondence from PennDOT concerning liquid fuel funds, and letters and/or statements of others as reported by the plaintiffs in their depositions and discovery. This evidence does not form the basis for recovery by the plaintiffs.

First, plowing for a three year period by the Township does not establish the required time period necessary under the statute. We also note this testimony is solely that of the plaintiffs, with no corroboration from third parties or other evidence. However, even accepting it as true, it does not establish the necessary 21 year period for maintenance and repairs by the Township. Therefore, the plowing fails to meet the statute in order to qualify the access way as a

public road.

Second, the alleged correspondence of PennDOT, in addition to being hearsay, does not specifically identify the access way in question as the recipient, or the Township road in question that qualified for liquid fuel funds. The funds were for a "T-626." Plaintiffs assert the access way, referred to as Park Road, was a part of T-626, and that the Township received liquid fuel monies for the portion of the access way between 1933 and 1966 (*see* plaintiffs' brief in response to the motion for summary judgment and documents attached thereto). Even disregarding any potential hearsay claims as to the documents, there is no evidence in support of plaintiffs' claim that the access way was actually a portion of T-626. If it was, it would have been dedicated as such, but no such records were produced, and the plaintiffs admit the access way was never dedicated a public road.

Furthermore, the attachment S.J.-5 attached to plaintiffs' brief, being a PennDOT letter dated July 17, 2007, states PennDOT has no records of T-626 for purposes of liquid fuel until March 2, 1959. Therefore, even if we were to assume liquid fuel monies were paid to the Township for T-626, and the access way was a part of T-626, the monies were only allocated for seven (7) years (1959-1966) by plaintiffs' own claims.[1] Therefore, receipt of liquid

---

1. We note plaintiffs' own Exhibits seem in conflict with each other, being S.J. — 5 (7/17/07 PennDOT letter) and S.J. — 1 (7/18/95 PennDOT letter). In reviewing this in the light most favorable to the non-moving party (plaintiffs) there still is no evidence of liquid fuel monies for a 21 year period for the access way.

fuel funds could not meet the 21 year requirement for maintenance and upkeep by the Township, even assuming the receipt of the funds constituted the same.

Even if the Township received liquid fuel monies for the access way for 21 years, as the defendants pointed out in their brief, it is insufficient to establish public use and Township maintenance under Section 67307. The word "expenditures" or "monies received" are not included in the statute. The prior version of 53 Pa. C.S.A. §67307 referenced the "expenditure" of funds, but the current statute does not. Therefore, even assuming liquid fuel monies were paid to the Township for the access way for a period of 21 years as asserted, it is not proof of maintenance and repairs by the Township. Finally, there is no evidence or claims that the Township ever spent liquid fuel monies on the access way to be considered as an expenditure of funds under the old statute.

We also find that there is no evidence that the public used the access way for a period of 21 years. Plaintiffs stated no member of the public has used it since 1966. The plaintiffs only had personal knowledge of use by the public for three years prior thereto (1963-1966). The rest of the testimony and evidence the plaintiffs assert to support a 21 year use is from their conversation or receipt of letters from others. Such evidence is hearsay and cannot be used to defeat a motion for summary judgment. *See Turner v. Valley Housing Dev. Corp.*, 2009 Pa. Super. 72, 972 A.2d

531 (2009).

Furthermore, the testimony of George Podolak, as to the information he received from others, at most, showed a use by others having business with those on the access way. This included deliveries and access of other property owners to their properties. There was no evidence of use of the access way for public use even admitting the Plaintiffs' allegation as true.

As the requirements of 53 Pa. C.S.A. §67307 are mandatory, there has been insufficient testimony to support a cause of action as alleged. The facts set forth in discovery, show no road dedication and no public use and no Township maintenance and repairs for a period of 21 years. As a matter of law, the plaintiffs cannot prove the facts alleged and there are no material and admissible facts in dispute. Therefore, the defendants' motion for summary judgment will be granted and the plaintiffs' motion for summary judgment will be dismissed as moot.

### ORDER

And now, this 7th day of November, 2014, the defendants' motion for summary judgment is granted.

The plaintiffs' motion for summary judgment is dismissed as moot.

This case is stricken from the December 2014 argument list.