J-S19039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK ANTHONY MURDOCK, | : | |
| | : | |
| Appellant | : | No. 2749 EDA 2014 |

Appeal from the Judgment of Sentence entered on September 4, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No. CP-15-CR-0000993-2014

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 15, 2015**

Mark Anthony Murdock ("Murdock") appeals from the judgment of sentence imposed following his conviction of harassment.[1] We affirm.

The trial court set forth the relevant factual and procedural history in its Opinion, which we adopt for purposes of this appeal. **See** Trial Court Opinion, 11/12/14, 1-2, 3-5.

On appeal, Murdock raises the following question for our review: "Whether the evidence adduced at trial was sufficient for a conviction on the charge of harassment pursuant to 18 Pa.C.S.A. § 2709(a)(1)?" Brief for Appellant at 4 (capitalization omitted).

Murdock contends that the evidence was so inconsistent that, as a matter of law, the essential elements of the crime of harassment could not

---

[1] **See** 18 Pa.C.S.A. § 2709(a)(1).

have been found as a matter of law. *Id*. at 13. Murdock asserts that the victim, Amber Brown ("Brown"), gave three different accounts of the event. *Id*. Murdock claims that the Commonwealth failed to connect Brown's injuries with her differing versions of the event. *Id*. Murdock contends that Reading Hospital found no physical evidence of the complaints made by Brown. *Id*. at 16. Murdock asserts that, even if the Commonwealth established the physical elements of harassment, the evidence was insufficient to establish that he possessed the requisite *mens rea*. *Id*. Murdock claims that the prior incident, which occurred on December 3, 2013, is evidence that he lacked the requisite *mens rea* for the subject incident. *Id*. at 17.

The trial court addressed Murdock's claim, set forth the relevant law, and concluded that his claim lacks merit. *See* Trial Court Opinion, 11/12/14, 5-7. We agree with the trial court's sound reasoning and affirm on this basis. *See id*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015

- 2 -

Circulated 03/20/2015 10:51 AM

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS CHESTER COUNTY, PENNSYLVANIA |
|---|---|---|
| V. | : | NO.: CP-15-0000993-2014 2749 EDA 2014 |
| MARK ANTHONY MURDOCK | : | CRIMINAL ACTION - LAW |

Nicholas J. Casenta, Jr., Esquire, Attorney for the Commonwealth
Nathan M. Schenker, Esquire, Attorney for Defendant

## RULE 1925(a) OPINION

BY:   WHEATCRAFT, J.                                          NOVEMBER 10, 2014

Mark Anthony Murdock ("the defendant") appeals this Court's September 4, 2014 guilty verdict and submits that this Court made certain errors. For the reasons set forth below, we find no errors were made.

## PROCEDURAL HISTORY

On February 18, 2014, the defendant was charged on two counts: Simple Assault (18 Pa.C.S. §2701(a)(1)), and Harassment (18 Pa.C.S. §2709(a)(1)). A preliminary hearing was held on April 1, 2014 and both charges were held over for trial. On September 4, 2014, the charge of Simple Assault was withdrawn by the Commonwealth and the summary charge of Harassment proceeded immediately to a bench trial.

During the bench trial, both the Commonwealth and the defendant presented evidence. At the conclusion of the trial, this Court found the defendant guilty of Harassment and sentenced the defendant to 90 days of probation, including a condition that the defendant complete an anger management program.

The defendant filed an appeal to our September 4, 2014 judgment of sentence on September 22, 2014. We issued a Rule 1925(b) Order on September 26, 2014. The

5

defendant filed a Concise Statement of Errors Complained of on Appeal on October 17, 2014. Our Rule 1925(a) Opinion follows.

## ERROR CLAIMED BY THE DEFENDANT

In his Concise Statement of Errors Complained of on Appeal, the defendant sets forth the following error:

1. There was insufficient evidence for this Court to convict the defendant with the offense of Harassment (18 Pa.C.S. §2709(a)(1)) because:

   a. Amber Brown, the victim, gave multiple inconsistent statements; and

   b. Amber Brown's statement to the police and the photographs taken by the police were inconsistent with the content of Reading Hospital's treatment records.

## STANDARD OF REVIEW

"In reviewing the sufficiency of the evidence, the appropriate test is 'whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt.'" *Commonwealth v. Williams*, 554 Pa. 1, 9, 720 A.2d 679, 682-683 (1998), *citing Commonwealth v. Hughes*, 536 Pa. 355, 639 A.2d 763, 766 (Pa.1994). "[W]here no single bit of evidence will by itself conclusively establish guilt[;] the verdict will [nonetheless] be sustained where the totality of the evidence supports the finding of guilt." *Commonwealth v. Thomas*, 522 Pa. 256, 561 A.2d 699, 704 (1989). Evidence will be found to be insufficient only when "a defendant has shown that the fact-finder overlooked such a preponderance of the evidence that the resulting verdict shocks the conscience." *Williams, supra, citing Commonwealth v. Walker*, 656 A.2d 90, 97 (Pa.1995).

## FACTS

During the bench trial held on September 4, 2014, the defendant stipulated to the admission of evidence of a prior bad act committed on December 3, 2013 by the defendant against the same victim, Amber Brown. (N.T., 09/04/14, p. 3, ll. 15-23). The Commonwealth and the defendant also stipulated to the admission of the following documents into evidence: (1) the police incident report of December 3, 2013 (the prior bad act incident) (Exhibit, C-5; N.T., 09/04/14, p.3, l. 24 – p. 4, l. 8), (2) the medical records from Reading Hospital for Amber Brown's[1] treatment on January 24, 2014 (Exhibit, C-4; N.T., 09/04/14, p. 3, ll. 11-13, p. 24, ll. 16-24), and (3) the police incident report of January 23, 2014 (Exhibit, C-6; N.T., 09/04/14, p.4, ll.11-22).

The Commonwealth presented three fact witnesses: Amber Brown, Trooper Matthew Truscott, and Trooper Amos Glick. The Commonwealth also moved for the admission of the written statement prepared by Ms. Brown on January 23, 2013 (Exhibit, C-1; N.T., 09/04/14, p. 12, l. 12 – p. 13, l. 4), and two photographs, taken January 23, 2013 by Trooper Truscott, of injuries to Ms. Brown's arm and hand. (Exhibits, C-2, C-3; N.T., 09/04/14, p. 15, ll. 2-17). The defendant did not object to the admission of these exhibits. The defendant was the only witness for the defense case. (N.T., 09/04/14, Defendant, pp. 35-41). There was no other evidence presented by the defendant.

The chronology of events that occurred on January 23, 2014 is as follows:

1.    At about 7:30 p.m., the defendant presented himself at the lobby of the Pennsylvania State Police Embreeville Barracks. The defendant stated to Trooper Matthew Truscott that Amber Brown is his ex-girlfriend and her apartment is located at

---

[1] The medical records identify the patient as Amber Dausi. The parties stipulated that these records were for the treatment of the victim in this case, Amber Brown. (N.T., 09/04/14, p. 3, ll. 11-13, p. 24, ll. 16-24).

1010 Sugarsbridge Road, West Bradford Township, Chester County. The defendant explained that he had returned earlier that day to Ms. Brown's apartment to retrieve his personal belongings and while he was there they had an argument. The defendant reported to Trooper Truscott that the two men who lived in the upstairs apartment entered Ms. Brown's apartment, grabbed him, and pulled him outside. The defendant testified that he called the State Police to report the assault by the neighbors and was instructed to drive to the barracks. (Exhibit, C-6; N.T., 09/04/14, Trooper Truscott, p. 22; N.T., 09/04/14, Defendant, p. 40, ll. 3-18).

2.      After taking the defendant's statement at the barracks, Trooper Truscott and Trooper Glick proceeded to 1010 Sugarsbridge Road to interview Amber Brown. (N.T., 09/04/14, Trooper Truscott, p. 22, l. 24 – p. 23, l. 3).

3.      At about 8:30 p.m., during her interview with the troopers, Ms. Brown reported that the defendant had arrived at her apartment to pick up his personal belongings and they began to argue. (Exhibit, C-6; N.T., 09/04/14, Brown, p. 9, l. 10 - p. 10, l. 12; N.T., 09/04/14, Trooper Glick, p. 32, ll. 9 – 20). She explained that her two upstairs neighbors heard the argument and came downstairs to investigate. (N.T., 09/04/14, Brown, p. 10, l. 25 - p. 11, l. 2). They confronted the defendant, and the defendant then grabbed Ms. Brown and placed her between him and the neighbors. In his effort to place Ms. Brown between himself and the neighbors, the defendant pushed Ms. Brown into a wall or door causing bruising to Ms. Brown. The neighbors grabbed the defendant and pulled him outside. (Exhibit, C-6; N.T., 09/04/14, Brown, p. 11, ll. 1-11; N.T., 09/04/14, Truscott, p. 26, ll. 16-25).

4.      Ms. Brown also reported to Trooper Glick that, as of January 23, 2014, she was six months pregnant with the defendant's unborn child. (N.T., 09/04/14,

Page 4 of 8

Trooper Glick, p. 32, ll. 21-24 N.T., 09/04/14, Brown, p. 7, l. 22 – p. 8, l. 3).

5.    During the interview with Ms. Brown, Trooper Truscott saw a bruise on her right elbow, a bruise on her left hand, and two small scratches on her left hand. (Exhibits, C-2, C-3; N.T., 09/04/14, Brown, p.14, l. 16 - p. 15, l. 13; N.T., 09/04/14, Trooper Truscott, p. 23, ll. 11-20).

6.    Ms. Brown sought medical treatment for pain in her hip on January 24, 2014. (Exhibit, C-4, p. 9); N.T., 09/04/14, Brown, p. 15, l. 19 – p. 16, l. 6). She reported to the medical staff at Reading Hospital that her injury resulted from a physical altercation with the defendant. (Exhibit, C-4, pp. 9, 11, 12, 15, 17, 19 ; N.T., 09/04/14, Brown, p. 15, l. 19 – p. 16, l. 6; N.T., 09/04/14, Truscott, p. 23, l. 21- p. 24, l. 10).

## DISCUSSION

The offense at issue is Harassment pursuant to 18 Pa.C.S. §2709(a)(1). Section 2709(a)(1) provides that a person is guilty of Harassment if that person, "with intent to harass, annoy or alarm another, … strikes, shoves, kicks or otherwise subjects the other person to physical contact." 18 Pa.C.S.A. § 2709(a)(1). The question presented to this Court, as the fact finder, was whether the Commonwealth proved beyond a reasonable doubt that the defendant had physical contact with Ms. Brown with the intent to harass, annoy, or alarm. We found that the Commonwealth sustained its burden.

We agree with the defendant that some of the evidence presented was conflicting, as is often the case in trials involving domestic violence. The defendant testified that the only physical contact on January 23, 2014 was between him and the two male neighbors. (Exhibit, C-6; N.T., 09/04/14, Defendant, p. 39, l. 18–23). A few hours after the incident, Ms. Brown reported to the police and prepared a written statement describing how the defendant grabbed her and used her as a shield against the two male neighbors. She

COC 11/18/2014 14:48

described the physical contact as taking place in the doorway to the outdoor deck. (Exhibit, C-1). The next day, she reported to the treating staff at Reading Hospital that she was "shoved" against a wall or a door by the defendant. (Exhibit, C-4, pp. 9, 11, 12, 15, 17, 19). At the time of trial, in the presence of the defendant, Ms. Brown recanted her prior statements, and testified that the defendant had not grabbed her or touched her on January 23, 2014. (N.T., 09/04/14, Brown, p. 11, ll. 17-23, p. 19, ll. 5-17).

As the fact finder, this Court was "free to believe all, some, or none of the evidence presented." *Commonwealth v. Miller*, 555 Pa. 354, 724 A.2d 895, 901 (1999), *cert. denied*, 528 U.S. 903, 120 S.Ct. 242 (1999). Credibility determinations and the weight given to the testimony presented and the out-of-court statements entered into evidence were within this Court's exclusive control. *Commonwealth v. Johnson*, 576 Pa. 23, 838 A.2d 663, 671 (2003), *cert. denied*, 543 U.S. 1008, 125 S.Ct. 617 (2004); *Commonwealth v. DeJesus*, 580 Pa. 303, 860 A.2d 102, 107 (2004).

After considering all of the evidence presented, we did not find the defendant's testimony to be credible. We found that Ms. Brown's out-of-court statements were credible and persuasive in that those statements corroborated each other and the pictures of her injuries. (Exhibits C-1, C-2, C-2, C-4). The only discrepancy between Ms. Brown's written statement and the report she gave at the hospital relates to the terms used in the description of events. At different times, Ms. Brown used the words: door, doorway, or wall, to describe the area impacted by her body. We also find that the words: grabbed, shoved, pushed, and thrown, are consistent in describing the defendant laying his hands on her and physically moving Ms. Brown. Thus, although she uses different descriptive words, the scene described by Ms. Brown in her written statement to the police and the statements given to the medical staff at Reading Hospital are materially consistent.

COC 11/12/2014 14:48

We also found, and continue to find, that the photos taken by Trooper Truscott are consistent with the medical records from Reading Hospital. The injuries documented on the photographs are to an upper arm and a hand. The complaint at the hospital was of severe hip pain. The medical notes reflect the complaint made. We found Ms. Brown's testimony that she did not feel pain in her hip until the next day to be credible. Thus, she did not have an opportunity to give this complaint to the police or add it to her written statement.

We also found it significant that the written statement and the statements given to the medical providers were voluntary and made soon after the incident. It is important to note that Ms. Brown's statements to the medical staff were given to obtain medical treatment for herself and her unborn child. We accept the factual statements made in the medical records as substantive evidence. *Turner v. Valley Housing Development Corp.*, 972 A.2d 531 (Pa.Super. 2009)(medical records are admissible under the hearsay rules as evidence of facts contained therein); Pa.R.E. 803.1(1). Consequently, we found the written statement and the statements to the medical staff to be more credible and persuasive than her testimony recanting them nine months later. *See Commonwealth v. Buford*, -- A.3d --, 2014 WL 5018593 (Pa.Super. 2014)(facts stated out-of-court and recanted at trial can provide legally sufficient evidence to sustain a conviction).

Considering the above credibility determinations, we find that the defendant has not shown that we, as the fact-finder, have overlooked competent and credible evidence or that our verdict shocks the conscience. *Williams*, *supra*. It was and continues to be our determination that given the totality of the credible evidence, and all reasonable inferences drawn from that evidence, the Commonwealth has sustained its burden and proved the defendant guilty of Harassment beyond a reasonable doubt.

## CONCLUSION

For the reasons set forth above, we respectfully ask that the Superior Court AFFIRM our September 4, 2014 judgment of sentence finding the defendant guilty of Harassment pursuant to 18 Pa.C.S.A. § 2709(a)(1).

BY THE COURT:

Ann Marie Wheatcraft        J.

COC 11/13/2014 14:48