J-S44025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WARNER TATE, ADMINISTRATOR OF THE ESTATE OF NANCY BEVERLY JOHNSON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 1716 EDA 2025 |
| BEVERLY GRAHAM | : | |

Appeal from the Judgment Entered September 18, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240202177

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 16, 2026**

Appellant, Warner Tate, Administrator of the Estate of Nancy Beverly Johnson, appeals from the September 18, 2025 judgment entered in the Philadelphia County Court of Common Pleas in favor of Appellee, Beverly Graham, rejecting Appellant's fraud claim.  Appellant challenges the court's exclusion of certain medical records and related documents.  After careful review, we affirm.

This case involves the estate of Nancy Beverly Johnson ("Decedent"), the mother of Appellant and Appellee.  The following are the relevant facts, as found by the trial court following a bench trial.

Decedent resided at 2408 Chadwick Steet in Philadelphia ("the Property").  Appellee claimed to have been Decedent's primary caretaker in her later years, during which time she took Decedent to doctor's appointments

at Temple University Hospital. Appellee "maintain[ed] that [Decedent] was never diagnosed with dementia or any related disease" at Temple University Hospital and that Decedent was "overall relatively self-sufficient and mentally competent." Trial Ct. Op. 8/26/25, at 2.

In February 2018, Decedent went to live with another son, Marlow Tate, in North Carolina. The move occurred after "several incidents where [D]ecedent wandered off alone, walking many miles in perilous weather conditions without proper clothing[,]" which Appellant contended resulted from Appellee's neglect. *Id.* at 2. Appellant claimed that Decedent received a dementia diagnosis from Atrium Health in North Carolina. *Id.*

In June 2018, Decedent returned to Philadelphia "and resumed her normal routine with Appellee — which included continuing the medical treatment plans prescribed by Temple University Hospital, rather than Atrium Health." *Id.* In March 2020, Decedent deeded the Property to Appellee. *Id.* "Appellee was also listed as [D]ecedent's power of attorney and life insurance beneficiary[.]" *Id.*

On February 14, 2023, Decedent passed away intestate. Subsequently, the Register's Office granted letters of administration to Appellant.

In February 2024, Appellant, as administrator of the estate, initiated the instant litigation, claiming that Appellee "committed theft of estate assets through misrepresentation, fraud and criminal activity[.]" Compl., 2/20/24, at ¶ 5. He averred that Decedent had been "totally mentally incapacitated and physically frail" between 2018-2023. *Id.* at ¶ 13. He claimed that,

- 2 -

despite Decedent's dementia, Appellee caused Decedent to transfer the Property into Appellee's name, withdrew "in excess of $10,000" during Decedent's lifetime, purchased life insurance for Decedent naming Appellee as the beneficiary, "changed the beneficiary designation on other life insurance owned by [D]ecedent[,]" and, following her death, closed Decedent's bank account and took possession of nearly $11,000. *Id.*

During the May 27, 2025 bench trial, Appellant presented testimony from Appellee as a hostile witness, as well as testimony from himself, Marlow Tate, and Samuel Johnson, Decedent's widower. Relevantly, Appellant sought to introduce medical records from Atrium Health. N.T., 5/27/25, at 17. Appellee objected to the admission as inadmissible hearsay. Appellant claimed that the parties had stipulated to the documents' admission. Appellee's counsel, however, denied stipulating to the admission, stating that "[t]here was some miscommunication regarding the stipulation." *Id.* at 18. The court sustained the objection.

On June 2, 2025, the court entered an order in favor of Appellee, concluding that "Appellee did not fraudulently transfer assets from [D]ecedent to herself." Trial Ct. Op. at 1.

On June 10, 2025, Appellant filed a post-trial motion seeking "a new trial where all applicable medical records are admissible[.]" Post-Trial Motion, 6/10/25. The court denied the motion without opinion on June 16, 2025.

On June 30, 2025, Appellant filed a timely notice of appeal.[1]  Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the Court commit an error of law and/or abuse its discretion by (1) sustaining the objection of [Appellee] to Appellant's presentation of a written stipulation and email correspondence between Appellant and Appellee regarding the introduction of certain medical records as evidence, along with the said medical records themselves; (2) failing to consider the said written stipulation and email correspondence regarding the said medical records; and (3) improperly excluding the said medical records as evidence?

Appellant's Br. at 4.

It is well-established that decisions regarding the admissibility of evidence "are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 391 (Pa. Super. 2015) (citation omitted).  Moreover, to constitute reversible error, an evidentiary ruling "must have been harmful or prejudicial to the complaining party." *Id.* (citation omitted).

In this case, the trial court excluded the relevant records based upon the rule against hearsay.  "The Pennsylvania Rules of Evidence define 'hearsay' as an out of court statement offered in court for the truth of the

---

[1] After noticing the absence of a judgment on the docket, this Court ordered Appellant to praecipe the trial court to enter judgment, which occurred on September 18, 2025.  Accordingly, we deem the notice of appeal timely. *See* Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

matter asserted." ***MB Financial Bank v. Rao***, 201 A.3d 784, 788 (Pa. Super. 2018); ***see also*** Pa.R.E. 801(c). "Generally, hearsay is inadmissible at trial unless it falls under an exception provided by the Rules." ***MB Financial Bank***, 201 A.3d at 788; ***see also*** Pa.R.E. 802.

In the first portion of Appellant's issue, he claims that the trial court should have admitted the Atrium Health records based upon an alleged "stipulation" between Appellant and Appellee regarding the admissibility of the records. Appellant's Br. at 6-7, 11. Appellant relies upon email correspondence between counsel, which Appellant provided to the trial court as evidence of a stipulation.

We conclude that the trial court did not abuse its discretion in refusing to accept an unsigned stipulation to which Appellee's counsel expressly denied agreement. N.T. at 17-18. The court explained that it refused to accept Appellant's counsel's "vague and one-sided" emails as evidence of a stipulation.[2] Trial Ct. Op. at 8-9. The record supports the court's conclusion that Appellant failed to present a valid stipulation.

In the alternative, Appellant invokes the medical treatment and business records exceptions to the rule against hearsay. Appellant's Br. at 9-11. The

---

[2] Appellant asserted that Appellee's counsel's failure to respond to the following demonstrated consent to the stipulation: "I haven't heard from you regarding the stipulation. If I don't hear from you by Friday, April 9, 2025, I will assume that you agree and present it as such to the court." Appellant's Post-Sentence Motion, Exhibit A.

exception for "statements made for medical diagnosis or treatment" provides for the admissibility of a statement that:

> (A) is made for—and is reasonably pertinent to—medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

Pa.R.E. 803(4). Stated succinctly, "[a] party may introduce medical records as evidence of facts contained therein without producing the person who made the notation in the record or the records custodian." *Turner v. Valley Hous. Dev. Corp.*, 972 A.2d 531, 537 (Pa. Super. 2009) (citation omitted). While "[m]edical records are admissible under the hearsay rules as evidence of facts contained therein[,]" they are not admissible "as evidence of medical opinion or diagnosis." *Folger ex rel. Folger v. Dugan*, 876 A.2d 1049, 1055 (Pa. Super. 2005).

The business record exception permits the admission of a record of an event, act, or condition if the following criteria are met:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a "business", . . .
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6). A qualified witness is one that can "provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness." *Commonwealth v. Smith*, \_\_ A.3d \_\_, 2026 WL 112074, *19 (Pa. Super. filed Jan. 15, 2026) (citation omitted).

Appellant claims that the court abused its discretion in excluding the Atrium Health records, which he sought to introduce to demonstrate that Decedent suffered from dementia and lacked the capacity to execute the relevant legal documents. Appellant's Br. at 9-11. Appellant relies upon *Turner*, *supra*, for the proposition that "[r]ecords created by medical professionals in the regular course of diagnosis or treatment are admissible under Pa.R.E. 803(6) when properly authenticated, even if the authoring provider is unavailable to testify[.]" Appellant's Br. at 10.

We conclude that *Turner* does not support Appellant's argument. In *Turner*, the proponent of the medical records sought to introduce them not as evidence of a medical diagnosis but to demonstrate the factual issue of the location of the decedent's fall. *Turner*, 972 A.2d at 538. This Court held that the factual statements describing the location of the fall were admissible because they related to "the nature and type of injury" suffered, which was pertinent to medical diagnosis and treatment. *Id.* In finding these statements admissible, this Court reiterated that "[m]edical records are admissible under

- 7 -

the hearsay rules as evidence of facts contained therein but not as evidence of medical opinion or diagnosis." *Id.* at 537.

In contrast to **Turner**, Appellant sought to introduce the medical records as evidence of Decedent's alleged dementia diagnosis, which the trial court correctly recognized as "precisely the type of evidence required to be introduced via expert medical testimony, not through lay witness hearsay testimony." Trial Ct. Op. at 7-8. Thus, the trial court properly rejected application of the medical treatment exception. Additionally, Appellant did not satisfy the business records exception as he did not offer any "qualified witness" to satisfy the requirements of Rule 803(6).

Finally, Appellant challenges the trial court's refusal to take "judicial notice of the progressive nature of dementia," asserting that courts "routinely take judicial notice of medical or scientific facts that are widely accepted and verifiable." Appellant's Br. at 11-12. The Rules of Evidence provide that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b). Moreover, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Pa.R.E. 201(c)(2).

We find Appellant's argument meritless. First, the "progressive nature of dementia" is irrelevant in the absence of a dementia diagnosis, which the parties disputed. Second, the trial court properly refused to take judicial

notice relating to dementia, opining that "medical knowledge, symptoms, and effects are well outside the purview of the court and facts of which it can take judicial notice."[3]  Trial Ct. Op. at 12.  Appellant's argument fails to convince us that the trial court abused its discretion in rendering its evidentiary rulings.  Thus, after careful consideration, we affirm the judgment as none of Appellant's issues warrant relief.

Judgment affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/16/2026

---

[3] Moreover, as the trial court observed, this claim also fails because Appellant did not request that the court take judicial notice during trial.  Trial Ct. Op. at 10 (citing Pa.R.E. 201(c)(2)).