J-A25006-18

2018 PA Super 353

| | | |
|---|---|---|
| MB FINANCIAL BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE J. RAO, JR. | : | No. 921 EDA 2018 |

Appeal from the Order Entered February 14, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 150603452

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

OPINION BY DUBOW, J.:                                    **FILED DECEMBER 24, 2018**

Appellant, MB Financial Bank ("MB Financial"), appeals from the February 14, 2018 Order, which denied MB Financial's Post-Trial Motion to remove the Judgment of Nonsuit that the trial court entered in favor of Appellee, Lawrence J. Rao, Jr., after a non-jury trial in this mortgage foreclosure action.[1] After careful review, we reverse and remand for a new trial.

---

[1] Throughout the proceedings, the trial court has characterized its disposition variously as a directed verdict, a finding, and a nonsuit. In light of MB Financial filing a Post-Trial Motion, all of the parties' agreeing that the disposition was a nonsuit during the Post-Trial Motion oral argument, and the trial court entering Judgment of Nonsuit, we construe the denial of the Post-Trial Motion to be a denial of a Motion to Remove a Nonsuit and the final disposition to be a Judgment of Nonsuit. *See* Pa.R.C.P. No. 227.1(a) (explaining that a motion for post-trial relief replaces a motion to remove a nonsuit following the decision of the judge in a trial without jury).

The relevant factual and procedural background is as follows. Mr. Rao is the record owner of a mortgaged property located at 1171 South Darien Street, Philadelphia, PA 19147. On February 9, 2006, Mr. Rao executed a promissory Note ("Note") in favor of SunTrust Mortgage, Inc. ("SunTrust"), for $228,000. To secure the Note, Mr. Rao executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for SunTrust. On or around April 22, 2013, SunTrust discovered that the Note was missing from their vault and David Van Aken, Vice President, executed a Lost Note Affidavit. On May 13, 2015, MERS, as nominee for SunTrust, assigned the mortgage to MB Financial.

On June 25, 2015, MB Financial filed the instant *in rem* foreclosure action against Mr. Rao due to Mr. Rao's March 1, 2011 default on the mortgage. In addition to setting forth relevant information, including the parties and date of the mortgage, its place of record, a specific averment of default, an itemized statement of the amount due, and a demand for judgment *in rem*, MB Financial also averred that MB Financial was in possession, either "directly or through an agent," of a "Lost Note Affidavit and has the right to foreclose." Complaint at ¶ 6.

Mr. Rao filed an Answer with New Matter challenging MB Financial's standing to proceed with the matter based on MB Financial's failure to have

legal possession of the Note, and, therefore, failure to have the right to enforce the Note.

On October 31, 2017, the trial court held a non-jury trial. At trial, MB Financial presented testimony from Nancy Johnson, Assistant Vice President and the Default Proceedings Officer for SunTrust. By and through Ms. Johnson's testimony, MB Financial identified and introduced seven exhibits during its case-in-chief, including: (1) the original Lost Note Affidavit with **a copy** of the Note attached;[2] (2) a certified copy of the Mortgage; (3) a certified copy of the Assignment of Mortgage recorded on May 13, 2015; (4) the pre-foreclosure notice dated July 14, 2011 sent to Mr. Rao; (5) the payment history for the Mortgage; (6) the payoff/judgment figures; and (7) the Limited Power of Attorney between Mr. Rao and SunTrust. When Mr. Rao objected to the admission of the Lost Note Affidavit based on hearsay, the trial court sustained the objection and precluded its admission into evidence. The trial court also precluded from evidence the Limited Power of Attorney. MB Financial moved the remaining exhibits into evidence.

Mr. Rao did not present any evidence and made an oral Motion for a Nonsuit. After some discussion with the trial court regarding the difference between a nonsuit and a directed verdict, Mr. Rao made an oral Motion for a Directed Verdict. The trial court granted the Motion and made a finding in favor of Mr. Rao.

---

[2] The copy of the Note did not include a copy of the indorsement page.

On November 13, 2017, MB Financial filed a Post-Trial Motion. On February 14, 2018, after oral argument where the court refers to the October 31, 2017 disposition as a nonsuit, the trial court denied the Post-Trial Motion and entered a Judgment of Nonsuit in favor of Mr. Rao and against MB Financial.

MB Financial filed a timely Notice of Appeal. Both MB Financial and the trial court complied with Pa.R.A.P. 1925.

MB Financial raises the following issues on appeal:

1. Whether the Lost Note Affidavit constituted a business record pursuant to 42 Pa.C.S. § 6108 and the Pennsylvania Rules of Evidence and whether the [c]ourt properly ruled it and associated testimony inadmissible.

2. Whether [MB Financial]'s witness at trial, Ms. Johnson, was competent to testify at trial as to matters including the Lost Note Affidavit and the other business records of SunTrust, the servicer of the loan.

3. Whether [MB Financial] established at trial its right to a judgment in mortgage foreclosure as it had demonstrated (a) the existence of a mortgage in a specified amount securing a note; (b) that it held the Note at the time this action was commenced and/or had been assigned the Mortgage; (c) the defendant's default; and (d) the amount of the debt.

4. Whether [Mr. Rao]'s answer to the complaint contained only general denials of the material allegations of the complaint and, therefore, should have been construed as admissions requiring judgment in favor of [MB Financial].

5. Whether the [c]ourt erroneously denied [MB Financial]'s post-trial motion for judgment or a new trial.

6. Whether [MB Financial] having been assigned the Mortgage sufficiently established standing or whether it also had to prove it held the Note.

7. Whether, assuming it had to prove it held the Note, [MB Financial] was entitled to enforce the lost Note pursuant to the Lost Note Affidavit and 13 Pa.C.S. § 3309.

8. Whether the Lost Note Affidavit, executed by the loan servicer [SunTrust], complied with 13 Pa.C.S. § 3309 and entitled [MB Financial] to enforce the Note.

9. Whether the [c]ourt improperly sustained [Mr. Rao]'s objection to the question at trial: "Would [MB Financial] or SunTrust on its behalf indemnify [Mr. Rao] if another entity attempted to enforce the Note."

Appellant's Brief at 5 (reordered for ease of disposition).

As an initial matter, the Rules of Civil Procedure provide, in relevant part, that a trial court "may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on liability, the plaintiff has failed to establish a right to relief." Pa.R.C.P. No. 230.1(a)(1). Entry of a nonsuit is proper "only if the factfinder, viewing all the evidence in favor of the plaintiff, could not reasonably conclude that the essential elements of a cause of action have been established." *Billig v. Skvarla*, 853 A.2d 1042, 1048 (Pa. Super. 2004) (citation omitted). "When a nonsuit is entered, the lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement." *Id.* A trial court can only grant a compulsory nonsuit "in cases where it is clear that a cause of action has not been established and the plaintiff must be given the benefit of all favorable evidence along with all reasonable inferences of fact arising from that evidence, resolving any conflict in the evidence in favor of the plaintiff." *Id.*

When considering a motion for a nonsuit, "issues of credibility and the weight to be assigned to the evidence are not to be resolved by the

trial judge, but must be left for the finder of fact to resolve at the close of the evidence." ***Tong-Summerford v. Abington Mem'l Hosp.***, 190 A.3d 631, 643 (Pa. Super. 2018) (citation omitted). Ultimately, "[a] motion for a non-suit may be granted only where it is clear that no other conclusion could be reached under the evidence presented." ***Id***.

In its first two issues on appeal, MB Financial avers that the Lost Note Affidavit constitutes a business record, pursuant to 42 Pa.C.S. § 6108 and the Pennsylvania Rules of Evidence, and that Ms. Johnson, as custodian of records, was competent to testify as to matters including the document. Appellant's Brief at 5. MB Financial argues that because the Lost Note Affidavit was a business record, and therefore admissible hearsay, the trial court erred when it precluded the Lost Note Affidavit from evidence, thus preventing MB Financial from proving possession of the Note pursuant to 13 Pa.C.S. § 3309. ***Id.*** at 23-25. We agree.

We review challenges to the trial court's evidentiary rulings for an abuse of discretion. ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 391–92 (Pa. Super. 2015). "[D]ecisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party." ***Id.*** (citation omitted).

The Pennsylvania Rules of Evidence define "hearsay" as an out of court statement offered in court for the truth of the matter asserted. Pa.R.E. 801(c). A writing constitutes a "statement" as defined by Rule 801(a). *See* Pa.R.E. 801(a). Generally, hearsay is inadmissible at trial unless it falls under an exception provided by the Rules. Pa.R.E. 802. One such exception is contained in Rule 803(6), which permits the admission of a recorded act, event or condition if:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

Further, the Uniform Business Records as Evidence Act states, in relevant part:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission

42 Pa.C.S. § 6108(b).

This Court has explained: "Rule 803(6) requires the proponent of documentary evidence to establish circumstantial trustworthiness." *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492, 499 (Pa. Super. 2011). "In evaluating the trustworthiness of business records, the court will look to the sources of the information therein, method and time of preparation, and the qualifications of the custodial witness." *Sycamore Restaurant Group, LLC v. Stampfi Hartke Associates, LLC*, 174 A.3d 651, 658 (Pa. Super. 2017). For purposes of Rule 803(6), a qualified witness need not have personal knowledge, but the witness "must be able to provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness[.]" *Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.*, 77 A.3d 1, 13 (Pa. Super. 2013) (citation and quotation marks omitted). "As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." *Pautenis*, *supra* at 401 (citation omitted).

As stated above, during its case-in-chief, MB Financial identified and introduced a Lost Note Affidavit into evidence, which the trial court precluded despite MB Financial's argument that the trial court should admit the document as a business record. MB Financial presented testimony from Ms. Johnson, who testified that she was an Assistant Vice President and a Default

Proceedings Officer for SunTrust and that she has worked at SunTrust for approximately twenty-six years in varying capacities. N.T. Trial, 10/31/17, at 14. Ms. Johnson explained her job duties and identified herself as a custodian of records. *See id.* at 14, 20, 42. Ms. Johnson testified that SunTrust was the original lender and current servicer of the loan in question. *Id.* at 15. When MB Financial asked Ms. Johnson about the Lost Note Affidavit, she testified that it was made at or near the time of the events depicted therein, was kept in the regular course of SunTrust's activity for the loan, and that it was SunTrust's regular practice to make such documents in the event of losing a note. *Id.* at 19-22. Mr. Rao cross-examined Ms. Johnson about the location of the Note, the steps SunTrust took to locate the Note, and whether she knew the affiant of the Lost Note Affidavit. *Id.* at 41-52.

Our review of the record indicates that MB Financial presented testimony from an authenticating witness that SunTrust created the Lost Note Affidavit at or near the time that SunTrust discovered that the Note was lost, SunTrust maintained the Lost Note Affidavit in the course of regularly conducted activity, and creating a Lost Note Affidavit was a regular practice upon discovery of a lost note. Accordingly, it qualifies as a business record. *See* Pa.R.E. 803(A)-(D); 42 Pa.C.S. § 6108(b).

Moreover, the opponent, Mr. Rao, did not show a "lack of trustworthiness." *See* Pa.R.E. 803(E). The cross-examination of Ms. Johnson challenged the contents of the Lost Note Affidavit, rather than the preparation

and maintenance of the Lost Note Affidavit. As stated above, this Court has recently held "[a]s long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." *Pautenis*, *supra* at 401; *see also* Pa.R.E. 803(6)(E).

Having found that the Lost Note Affidavit qualifies as a business record, and an exception to the rule against hearsay, we must next determine whether its preclusion constitutes reversible error, that is, was it harmful or prejudicial to MB Financial. *See Pautenis*, supra at 391-92. We conclude that it was.

A person foreclosing on a mortgage must own or hold the note. *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016). The Pennsylvania Uniform Commercial Code (PUCC), 13 Pa.C.S. § 1101, *et seq.*, governs the note. *See JP Morgan Chase Bank, NA. v. Murray*, 63 A.3d 1258, 1263 (Pa. Super. 2013). Section 3309 specifically deals with enforcement of a lost note and provides:

**§ 3309. Enforcement of lost, destroyed or stolen instrument**

**(a) Enforcement.--**A person not in possession of an instrument is entitled to enforce the instrument if:

(1) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred;

(2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and

- 10 -

(3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

**(b) Proof.--**A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 3308 (relating to proof of signatures and status as holder in due course) applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

13 Pa.C.S. § 3309.

In this case, MB Financial was not in possession of the Note. The PUCC provides that an entity or person not in possession of the instrument, or note, is entitled to enforce the note if the entity or person meets the requirements of Section 3309. MB Financial identified and introduced the Lost Note Affidavit under Section 3309 to prove that it was entitled to enforce the Note, a prerequisite to foreclose on the Mortgage. Accordingly, when the trial court precluded the Lost Note Affidavit, MB Financial could no longer prove a *prima facie* case for mortgage foreclosure. Thus, the trial court's preclusion of the Lost Note Affidavit was undoubtedly harmful and prejudicial to MB Financial.

In conclusion, we find that MB Financial established that the Lost Note Affidavit qualified as a business record, and therefore was admissible under an exception to the rule against hearsay, as provided in Pa.R.E. 803(6) and

42 Pa.C.S. § 6108(b). Accordingly, the trial court abused its discretion and committed reversible error when it precluded the Lost Note Affidavit from evidence. We decline to analyze whether the contents of the Lost Note Affidavit comply with the sufficiency requirements of 13 Pa.C.S. § 3309, and our decision is limited to the admissibility of the document as an exception to hearsay under Pa.R.E. 803(6). Accordingly, we reverse the Order and remand this case for a new trial.[3]

Order reversed. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/18

---

[3] In light of our disposition, we decline to address MB Financial's remaining issues. We note, however, that MB Financial misstates the law when it asserts that ownership of the Mortgage, without possession of the note, is sufficient to confer standing to foreclose. Our case law is clear that a person foreclosing on a mortgage **must own or hold the note**. *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016).