J-A13034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MB FINANCIAL BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE J. RAO, JR., | : | |
| | : | |
| Appellant | : | No. 2564 EDA 2019 |

Appeal from the Order Entered August 8, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2015 No. 3452

BEFORE: BENDER P.J.E., LAZARUS, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 11, 2020**

Lawrence J. Rao, Jr. appeals from the order entered August 8, 2019 against him and in favor of MB Financial Bank (MB Financial) following a non-jury trial in this *in rem* mortgage foreclosure action. We affirm.

A prior panel of this Court summarized the factual and procedural history of this matter as follows.

> Rao is the record owner of a mortgaged property located at 1171 South Darien Street, Philadelphia, PA 19147. On February 9, 2006, Rao executed a promissory note [(Note)] in favor of SunTrust Mortgage, Inc. [(SunTrust)], for $228,000. To secure the Note, Rao executed a mortgage to Mortgage Electronic Registration Systems, Inc. [(MERS)] as nominee for SunTrust. On or around April 22, 2013, SunTrust discovered that the Note was missing from their vault and David Van Aken, Vice President [of SunTrust], executed a Lost Note Affidavit. On May 13, 2015,

_____

[*] Retired Senior Judge assigned to the Superior Court.

MERS, as nominee for SunTrust, assigned the mortgage to MB Financial [and SunTrust remained the servicer].

On June 25, 2015, MB Financial filed [an] *in rem* foreclosure action against Rao **DUE TO RAO'S MARCH 1, 2011 DEFAULT ON THE MORTGAGE**. In addition to setting forth relevant information, including the parties and date of the mortgage, its place of record, a specific averment of default, an itemized statement of the amount due, and a demand for judgment *in rem*, MB Financial also averred that MB Financial was in possession, either "directly or through an agent," of a "Lost Note Affidavit and has the right to foreclose."

Rao filed an answer with new matter challenging MB Financial's standing to proceed with the matter based on MB Financial's failure to have legal possession of the Note, and, therefore, failure to have the right to enforce the Note.

On October 31, 2017, the trial court held a non-jury trial. At trial, MB Financial presented testimony from Nancy Johnson, Assistant Vice President and the Default Proceedings Officer for SunTrust. By and through Johnson's testimony, MB Financial identified and introduced seven exhibits during its case-in-chief, including: (1) the original Lost Note Affidavit with a copy of the Note attached;[1] (2) a certified copy of the mortgage; (3) a certified copy of the assignment of mortgage recorded on May 13, 2015; (4) the pre-foreclosure notice dated July 14, 2011 sent to Rao; (5) the payment history for the mortgage; (6) the payoff/judgment figures; and (7) the limited power of attorney between Rao and SunTrust. When Rao objected to the admission of the Lost Note Affidavit based on hearsay, the trial court sustained the objection and precluded its admission into evidence. The trial court also precluded from evidence the limited power of attorney. MB Financial moved the remaining exhibits into evidence.

Rao did not present any evidence and made an oral motion for a nonsuit. [] The trial court granted the motion and made a finding in favor of Rao.

_____

[1] The copy of the Note did not include a copy of the indorsement page.

On November 13, 2017, MB Financial filed a post-trial motion. On February 14, 2018, after oral argument[, ] the trial court denied the post-trial motion and entered a judgment of nonsuit in favor of Rao and against MB Financial.

*MB Financial Bank v. Rao*, 201 A.3d 784 (Pa. Super. 2018) (emphasis added, unnecessary capitalization, emphasis, titles, and record references omitted).

M.B. Financial appealed to this Court claiming, *inter alia*, that the trial court erred when it precluded from evidence the Lost Note Affidavit as inadmissible hearsay. This Court concluded the Lost Note Affidavit qualified as a business record, which is an exception to the rule against hearsay, and that its preclusion constituted reversible error. *Id.* at 790-91. Accordingly, this Court reversed the February 14, 2018 judgment and remanded the case for a new trial. *Id.* at 791. In doing so, this Court declined to address MB Financial's remaining claims, including whether the Lost Note Affidavit complies with the requirements of 13 Pa.C.S. § 3309,[2] and whether MB

---

[2] A party not in possession of an instrument is entitled to enforce the instrument if the party satisfies the following requirements of 13 Pa.C.S. § 3309.

> (1) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred;
>
> (2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its

*(Footnote Continued Next Page)*

Financial had standing to proceed in the foreclosure action. *Id.* Regarding the latter, this Court noted "MB Financial misstates the law when it asserts that ownership of the [m]ortgage, without possession of the note, is sufficient to confer standing to foreclose. Our case law is clear that a person foreclosing on a mortgage must own or hold the note." *Id.* at 791 n.3, *citing* **CitiMortgage, Inc. v. Barbezat**, 131 A.3d 65, 68 (Pa. Super. 2016).

On May 6, 2019, a second non-jury trial was held. MB Financial introduced the same aforementioned exhibits it introduced in the first non-jury trial. The trial court, in accordance with this Court's holding, admitted the Lost Note Affidavit, which contained the following language.

> The said Note has been misplaced and lost through causes unknown and is presently lost and unavailable after diligent search has been made. An amount of principal and interest on

*(Footnote Continued)* ───────────────

> whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> **(b) Proof.--**A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 3308 (relating to proof of signatures and status as holder in due course) applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

13 Pa.C.S. § 3309.

- 4 -

> said Note is still presently outstanding, due and unpaid, and the Seller is still owner and holder in due course of said lost Note.

Lost Note Affidavit, 4/22/2013. Additionally, MB Financial presented testimony from Johnson. Regarding the April 22, 2013 Lost Note Affidavit, Johnson testified it is SunTrust's practice to prepare such an affidavit upon determining a note is lost. N.T., 5/6/2019, at 14-15. There is no indication that the Note was seized or transferred to anyone other than MB Financial. *Id.* at 17. SunTrust inquired into the location of the Note, but it could not be found. *Id.* at 17-18. Moreover, SunTrust would indemnify Rao if another entity attempted to enforce the Note. *Id.* at 20.

Johnson also testified regarding the ownership of the Lost Note Affidavit. Johnson stated that SunTrust was servicing the mortgage on behalf of MB Financial. *Id.* at 16. When MB Financial's counsel asked "what, if anything, did [MB Financial] receive or did they claim to receive from SunTrust?," Johnson responded, "They received the [L]ost [N]ote [A]ffidavit." *Id.* at 18. Johnson agreed with MB Financial's counsel that the Lost Note Affidavit was attached to MB Financial's complaint. *Id.* at 18. But when asked who owns the Lost Note Affidavit, Johnson answered "SunTrust." *Id.* at 37. Johnson went on to testify that SunTrust transferred the mortgage to MB Financial, but did not transfer the Note or anything else to MB Financial, and SunTrust is still holding a copy of the Note. *Id.* at 40.

During closing arguments, Rao claimed that because neither the Note nor the Lost Note Affidavit was transferred, MB Financial lacked standing to

foreclose on the mortgage. *Id.* at 53, 55. Meanwhile, MB Financial's counsel pointed out that the terminology of "possession," "holder," and "owner" might have confused Johnson, inferring she was unable to ascertain the difference. *Id.* at 53-54. Although the trial court agreed with Rao that neither the Note nor the Lost Note Affidavit was physically transferred, it characterized the issue as "one of ownership," and determined that the Lost Note Affidavit was held on behalf of and for the use of MB Financial. *Id.* at 54, 56. As a result, the trial court found in favor of MB Financial and against Rao in the mortgage foreclosure action.

On May 15, 2019, Rao timely filed a post-trial motion requesting judgment in his favor notwithstanding the verdict. On August 8, 2019, the trial court entered two orders: one denying Rao's post-trial motion and one entering *in rem* judgment in favor of MB Financial in the amount of $389,067.88.

This timely-filed appeal followed.[3] On appeal, Rao avers that the Lost Note Affidavit does not comply with the requirements of 13 Pa.C.S. § 3309, and even if it does, the lack of transfer of any interest in the Note and Lost Note Affidavit results in MB Financial's lack of standing to proceed in the foreclosure action. Rao's Brief at 16-17.

Our scope and standard of review of a non-jury verdict is settled.

---

[3] Both Rao and the trial court have complied with the mandates of Pa.R.A.P. 1925.

- 6 -

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Bank of New York Mellon v. Bach*, 159 A.3d 16, 19-20 (Pa. Super. 2017) (citation omitted).

Rao argues MB Financial failed to carry its burden to establish the requirements of a Lost Note Affidavit pursuant to 13 Pa.C.S. § 3309. Rao's Brief at 17. Specifically, Rao avers SunTrust failed to introduce any evidence that SunTrust was ever in possession of or able to enforce the Note. *Id.* at 18-20. Rao also asserts that the Lost Note must be in possession of the party seeking enforcement at the time it was lost, *i.e.*, MB Financial, because he claims that 13 Pa.C.S. § 3309 limits enforcement of a lost note to the person who was in possession of the note at the time it was lost. *Id.* at 18-19. Finally, Rao claims that MB Financial did not conduct an adequate search to satisfy subsection (3) of 13 Pa.C.S. § 3309. *Id.* at 21-22. In raising these arguments, Rao attacks the content of the Lost Note Affidavit, implicitly claiming that 13 Pa.C.S. § 3309 is satisfied by the document itself

rather than the circumstances in which the instrument is lost, destroyed or stolen.

At the outset, we note the express language of 13 Pa.C.S. § 3309 does not require any document or affidavit be produced. In the instant case, the language of the Lost Note Affidavit and testimony presented by MB Financial established the following. The Note was in SunTrust's possession and SunTrust was entitled to enforce the Note when the loss occurred. The loss of possession was not due to a transfer by SunTrust or a lawful seizure. SunTrust conducted a diligent search and was not reasonably able to obtain possession of the Note and its whereabouts could not be determined. Lastly, SunTrust stated it agreed to indemnify Rao if another entity attempted to claim enforcement of the Note, thereby adequately protecting Rao against loss that might occur via a claim by another person to enforce the Note. Based on the foregoing, the trial court did not err in concluding that SunTrust satisfied the requirements of 13 Pa.C.S. § 3309.

Rao's argument that 13 Pa.C.S. § 3309 limits enforcement of a lost note to the person who was in possession of the note at the time it was lost is erroneous. "Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." **Barbezat**, 131 A.3d at 69. Therefore, the trial court did not err in finding MB Financial, as assignee, had the ability to enforce the Lost Note Affidavit.

We next consider Rao's claim that MB lacked standing, even assuming section 3309 was satisfied. Rao's Brief at 24. The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014). A person foreclosing on a mortgage, however, also **must own or hold the note**. *See Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016) (emphasis added). This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. *See Carpenter v. Longan*, 83 U.S. 271, 275 (1872) (noting "[a]ll the authorities agree that the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. *Id.*

Here, the trial court found that "SunTrust transferred ownership of the mortgage to MB Financial but remained servicer of the mortgage...." Trial Court Opinion, 9/8/2019, at 2. Additionally, it held, "[t]he fact that the [L]ost [N]ote [A]ffidavit itself, which was accepted to demonstrate the existence and ownership of the [N]ote in the first instance, is currently in the possession of SunTrust does not change the fact that [MB Financial] as owner of the mortgage is entitled to foreclose on the debt it owns." *Id.* at 3. While Rao relies on this Court's holding in *CitiMortgage, Inc. v. Barbezat*, that ownership of the mortgage without possession of the note is not sufficient to confer standing to foreclose, that case is inapposite. MB

Financial here holds the note equivalent, the Lost Note Affidavit, because it is being held by its servicer, *i.e.*, agent, SunTrust.

Based upon the record evidence produced by MB Financial, we conclude MB Financial had standing to pursue the underlying mortgage foreclosure action. Contrary to Rao's claims, MB Financial has both averred and produced evidence that it holds the mortgage and is the owner of the Lost Note Affidavit. MB Financial was assigned the mortgage through MERS as nominee for SunTrust. The mortgage contains the following language.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument **and the Note**. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property....

Mortgage, 2/9/2006, at 3 (emphasis added). The assignment of mortgage recorded on May 13, 2015 listed MERS as the assignor and MB Financial as assignee, thereby granting to MB Financial the rights that were assigned to MERS, including Rao's covenants and agreements under the mortgage and the Note. MB Financial attached to its complaint the Lost Note Affidavit and a copy of the Note. Clearly, if MB Financial did not own or hold these documents, it would not have been able to produce them. Moreover, MB Financial would not have been able to have SunTrust vouch for it if MB Financial was not the owner. The foregoing, along with Johnson's testimony

that the MB Financial received the Lost Note Affidavit from SunTrust and it was held on behalf of and for the use of MB Financial, are competent evidence that MB Financial owns or holds the underlying Lost Note Affidavit. In light of the procedural posture of this case, in which we are not bound by the trial court's legal conclusions and our standard of review requires us to determine whether the trial court correctly applied the law, because MB Financial has established that it owns the underlying Lost Note Affidavit, we therefore conclude that it has standing to foreclose on the mortgage.

We conclude that the trial court's verdict is supported by competent evidence, and affirm the trial court's verdict in favor of MB Financial.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2020

- 11 -